IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUILLERMO IGLESIAS LICOR, *Petitioner*, v. LEONARD ODDO, *Respondent*. | Civil Action No. 3:26-cv-1541<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

This is Petitioner's second Petition for Habeas Corpus. He filed his first habeas petition on May 18, 2026 at Case No. 3:26-cv-00926. (Case No. 3:26-cv-00926, ECF No. 1). On June 29, 2025, the Court issued the following Order dismissing the petition:

> IT IS HEREBY ORDERED that the pro se 1 Petition for Writ of Habeas Corpus is DISMISSED. Petitioner, a native and citizen of Cuba, was ordered removed from the United States on March 3, 2020 (ECF No. 7-2) and did not appeal the removal order (ECF No. 7-3). He was released from the custody of the Bureau of Prisons (after serving a sentence of imprisonment for a drug trafficking conviction) on an Order of Supervision on April 10, 2020. (ECF No. 7-1, at p. 3). Petitioner was detained by immigration officials on February 3, 2026, and he is currently housed at the Moshannon Valley Processing Center. Notably, Petitioner's criminal conviction places him into a class of deportable aliens under 8 U.S.C. § 1227. Furthermore, 8 U.S.C. §§ 1252(g) and 1252(b)(9) divests district courts of jurisdiction over habeas claims arising from the execution of removal orders, including challenges by aliens to their re-detention for removal. Petitioner is being detained to execute his final removal order, and the Court holds that it lacks jurisdiction over his claims. The Clerk of Court is directed to mark this CASE CLOSED.

(Case No. 3:26-cv-00926, ECF No. 8). Then, on August 10, 2026, Petitioner filed his second habeas petition arguing that he should be released from immigration custody because his removal is not reasonably foreseeable, and no custody reviews have been conducted. The Court will deny Petitioner relief for the following reasons.

First, he has purposefully frustrated removal efforts. Petitioner was accepted for removal to Mexico. On May 22, 2026, he refused to comply with his removal. More specifically, he refused to exit his housing pod for removal to Mexico. Petitioner was appropriately placed in a failure to comply status. That means he remains within the removal period under 8 U.S.C. § 1231. This is because, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Hence, Petitioner remains subject to mandatory detention.

Second, there is a significant likelihood of Petitioner's removal. The Government has represented: "At this time, a second attempt at removal to Mexico has not been scheduled. However, one port of entry ("POE") has indicated that it will attempt a second removal despite an initial failure to cooperate. Ex. 4 ¶ 45. Thus, once that POE authorizes Petitioner's return for attempted removal, it is anticipated that he will be transferred to effectuate a second attempt. *Id.*" (ECF No. 8, p. 4). Even if Mexico does not accept Petitioner, removal to another third country remains a possibility. The Court notes that Petitioner's purposeful actions to impede removal are not grounds for his release. He has prolonged his detention in this country. His noncompliant behavior does not warrant his release from immigration custody. Nothing about his detention is unreasonable. And the Court finds his argument about custody reviews to be completely meritless for the reasons set forth on pages fifteen through seventeen of Respondent's Response. (ECF No. 8, pp. 15-17).

AND NOW, this 15th day of September 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time to File a Traverse (ECF No. 7) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE