IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUILLERMO IGLESIAS LICOR, *Petitioner*, v. LEONARD ODDO, *et al*, *Respondents*. | Civil Action No. 3:26-cv-1541<br>Hon. William S. Stickman IV |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is Petitioner's Motion for Reconsideration of the Order of September 15, 2026 on the Basis of Subsequent Controlling Appellate Authority and Factual Error ( "Motion") (ECF No. 12). Respondents filed a response in opposition to the Motion (ECF No. 17), and Petitioner filed a reply (ECF No. 18). The Motion is ripe for decision.

The Court issued an Order on September 15, 2026, which denied Petitioner's habeas petition. (ECF Nos. 1, 9, 10). In the pending Motion, Petitioner asks the Court to reconsider and vacate its Order and issue a writ of habeas corpus "ordering Respondents to release Petitioner immediately on his own recognizance or under the level of supervision [the Department of Homeland Security (DHS)] has deemed appropriate before [Petitioner's] arrest and grant such further relief as the [c]ourt deems just and proper." (ECF No. 12, p. 6). His Motion is primarily based on two claims: (1) reconsideration is warranted because on September 18, 2026, shortly after the Court's September 15, 2026, Order denying the habeas petition, the United States Court of Appeals for the First Circuit issued its decision in *D.V.D. v. U.S. Dep't of Homeland Sec.*, --- F.4th ----, 2026 WL 2797801 (1st Cir. Sept. 18, 2026), affirming the district court's judgment in favor of the class members, which invalidated DHS third country removal guidance; and (2)

reconsideration is warranted because the Court based its opinion on a conclusion drawn from Respondents' erroneous factual assertion that Petitioner was accepted for removal to Mexico. (ECF No. 12, pp. 1–2).

As an initial matter, the Court finds Petitioner's first claim moot due to a September 30, 2026, stay of the *D.V.D.* litigation issued by the Supreme Court of the United States that remains in effect until the Supreme Court issues judgment in the case. Petitioner appears to concede this point in his Reply. (ECF No. 18, p. 3) (acknowledging that "the Supreme Court's stay vitiates the force of the First Circuit's decision). As to the remaining claim in Petitioner's Motion, the Court is unpersuaded by his arguments.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998) (citation omitted). Motions for reconsideration do not provide litigants with a second bite at the apple. And they "should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment.'" *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995) (quoting *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992)); *see*

*Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

Having already eliminated the possibility of an intervening change in the law, and given that Petitioner advances no argument related to new evidence, his Motion rests on his assertion of a need to correct a clear error or law or fact and to prevent manifest injustice. (*See generally* ECF Nos. 12, 18). The alleged factual error that Petitioner takes issue with is the Court's referring to Petitioner as having been accepted for removal to Mexico. (ECF No. 9, p. 2). The Court does not agree with Petitioner in his assessment of the impact of this finding nor with his argument that the Court's prior decision was erroneous. Even it if were to credit Petitioner's allegation that acceptance of removal by Mexico was a factual error, the Court would still hold that Petitioner's mandatory detention pursuant to 8 U.S.C. § 1231(a)(1)(C) is reasonable and does not violate due process. Based on all other reasons outlined in its Order, when taken in the aggregate, the Court comes to the same conclusion. (ECF No. 9).

Furthermore, the Court is not persuaded by Petitioner's Notice of Supplemental Authority. (ECF No. 16). He provides a copy of Chief District Judge Cathy Bissoon's Memorandum and Order in *Hernandez Alvarez v. U.S. Immigration and Customs Enforcement, et al.*, No. 3:26-cv-01400-CB, 2026 WL 3023671 (W.D. Pa. Oct. 8, 2026), in which, according to Petitioner, she ordered the release of the petitioner "under strikingly similar circumstances." (ECF No. 16, p. 1). Chief Judge Bissoon specifically concluded, based on the facts before her, that the petitioner did not take—nor had the capacity to take—any action to prevent or impede the government from transporting or removing the petitioner to Mexico. *Hernandez Alvarez*, 2026 WL 3023671 at *2. Not so here. The Court found that Petitioner purposely frustrated removal efforts. (ECF No. 9, p. 2). He is not similarly situated to the petitioner in *Hernandez*

*Alvarez*. The Court adheres to its determination that habeas relief was not warranted. Petitioner's claim of manifest injustice fails.

AND NOW, this 22nd day of October 2026, IT IS HEREBY ORDERED that Petitioner's Motion (ECF No. 12) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE